UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
ROBERT LENAHAN,

                Plaintiff,

        - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-------------------------------------------------------

**MEMORANDUM & ORDER**
24-CV-0116 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Robert Lenahan ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) to challenge an adverse determination by the Social Security Administration ("SSA"), which denied Plaintiff benefits. After the parties stipulated to remand the case to the SSA, the Court granted Plaintiff's motion and remanded to the SSA, where Plaintiff was awarded roughly $127,277 in past-due benefits. Plaintiff's counsel, Christopher J. Bowes ("Bowes"), now moves for $20,000 in attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, Bowes's motion is granted in part and denied in part, and he shall be awarded $14,000 in attorney's fees.

## BACKGROUND

After Plaintiff was denied benefits at the agency level, he retained Bowes and filed this action on January 5, 2024. (Dkt. 1.) After the parties stipulated to remand the case to the SSA, the Court granted their joint motion and remanded to the SSA. (*See* Dkts. 6, 7.) Bowes did not seek attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, but estimates he would have been awarded $3,003.72 under the EAJA. (Bowes Decl., Dkt 10, ¶ 21.) On October 23, 2024, the SSA mailed Plaintiff a Notice of Award letter informing him that he would receive approximately $127,277 in past-due benefits, with 25% ($31,819.43) withheld as

potential attorney's fees. (*Id.* at ECF[1] 17–21.)[2] By motion filed on November 11, 2024, Bowes now seeks $20,000 for work performed before this Court. (Dkt. 9; Bowes Decl., Dkt. 10, ¶ 22.)

Along with Bowes's motion, counsel submitted a fee agreement demonstrating that Plaintiff retained Bowes on a 25% contingency-fee basis, and itemized time records indicating that Bowes spent a total of 12.2 hours litigating this matter before this Court. (Bowes Decl., Dkt. 10, at ECF 13, 15.) $20,000 for 12.2 hours of work would result in an effective hourly rate of $1,639.34.

## DISCUSSION

### I.   Timeliness

Motions for attorney's fees under 42 U.S.C. § 406(b) ("Section 406(b)") must be filed within the 14-day filing period proscribed by Federal Rule of Civil Procedure 54(d). *Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019). The 14-day period begins to run from when "counsel receives notice of the benefits award," and the law presumes that "a party receives communications three days after mailing." *Id.* at 87–89 & n.5. Furthermore, because Rule 54(d) allows judges to extend the 14-day deadline by court order, "district courts are empowered to enlarge that filing period where circumstances warrant." *Id.* at 89. Plaintiff's counsel received the notice of benefits award on October 28, 2024. (Bowes Decl., Dkt. 10, ¶ 26.) This motion was filed on November 11, 2024. (Dkt. 9.) The motion is thus timely.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] The letter does not state the exact amount of past-due benefits awarded, but notes that the SSA "usually" withholds 25% for potential attorney's fees and, in this case, was withholding $31,819.43. (Bowes Decl., Dkt. 10, at ECF 19.)

**II.     Reasonableness of the Requested Fee**

    **A.     Legal Standard**

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness. *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022).

To determine whether a fee is reasonable, a district court should consider (1) the character of the representation and the results the representative achieved; (2) whether counsel was responsible for a delay, unjustly allowing counsel to obtain a percentage of additional past-due benefits;[3] and (3) whether the requested amount is so large in comparison to the time that counsel spent on the case as to be a windfall to the attorney. *Id.* at 849 & n.2, 853.

With respect to whether a fee would be a "windfall," in *Fields* the Second Circuit emphasized that "the windfall factor does *not* constitute a way of reintroducing the lodestar method and, in doing so, . . . indicate[d] the limits of the windfall factor." *Id.* at 854. Rather, "courts must consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* The Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or

---

[3] This is because the amount of benefits a successful plaintiff receives is calculated from the date of onset up to the date the SSA awards benefits on remand. *See Fields*, 24 F.4th at 849 n.4 ("Undue delay can be a particular problem in cases like these, in which past-due benefits are at stake. Because delay increases the size of a plaintiff's recovery, it may also increase disproportionately a lawyer's contingent fee recovery. [W]here the attorney is responsible for delay, the attorney should not be allowed to profit from the accumulation of benefits during the pendency of the case in court." (cleaned up)).

less well-trained lawyers might take far longer to do;" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level;" (3) "the satisfaction of the disabled claimant;" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854–55.  Ultimately, a district court may reduce the amount called for in the contingency fee agreement "only when [the court] finds the amount to be unreasonable," after considering the factors outlined above.  *Id.* at 852–53.

In addition, if fee awards are made to a claimant's attorney under both the EAJA and § 406(b), the attorney must refund the claimant the amount of the smaller fee.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); *Barbour v. Colvin*, No. 12-CV-548 (ADS), 2014 WL 7180445, at *2 (E.D.N.Y. Dec. 10, 2014) (citing *Porter v. Comm'r of Soc. Sec.*, No. 06-CV-1150 (GHL), 2009 WL 2045688, at *4 (N.D.N.Y. July 10, 2009)).

B.   **Application**

Here, Plaintiff retained Bowes pursuant to a 25% contingency-fee agreement. (Bowes Decl., Dkt. 10, ¶ 31.)  There are no allegations of fraud or overreaching with respect to the retainer agreement.  Bowes does not seek the full 25% of Plaintiff's past-due benefits ($31,819.43) and instead only seeks $20,000.  (*Id.* ¶ 19.)  At 12.2 hours of work, that would result in an effective hourly rate of $1,639.34.  For the reasons explained below, the court finds that amount to be unreasonable in the context of this case.

4

To determine reasonableness, the Court considers "the character of the representation and the results the representative achieved." *Fields*, 24 F.4th at 849. Here, Bowes was able to negotiate with the SSA to obtain a joint stipulation of remand to the SSA, which ultimately resulted in a favorable award of past and future benefits. (Bowes Decl., Dkt 10, ¶¶ 12, 15.) Thus, this factor does not justify a downward adjustment.

Second, the Court must determine whether counsel was responsible for unreasonable delays. *Fields*, 24 F.4th at 849. Bowes was not responsible for any unreasonable delays that allowed him to unjustly request additional fees. Though Bowes missed the Court's April 8, 2024 deadline to file Plaintiff's motion, the following day, Bowes filed a motion for an extension of time to file until April 16, 2024, which the Court granted for good cause shown. (Dkt. 5; 4/9/2024 Dkt. Order.) The Court does not consider this request to constitute an undue delay given that it was a single request for a brief, reasonable extension of time to file a joint stipulation of remand that Plaintiff's counsel subsequently met. (*See* Dkt. 6.)

The third consideration with respect to reasonableness is whether the requested amount constitutes a "windfall." *Fields*, 24 F.4th at 849. The Court analyzes four factors in determining whether a requested amount qualifies as a windfall. *Id.* at 854–56.

First, with respect to "the ability and expertise of the lawyers and whether they were particularly efficient," *id.* at 854, the Court believes that 12.2 hours was a reasonable amount of time to spend on this matter. In *Fields*, the Second Circuit found that 25.8 hours reviewing an 863-page transcript, drafting a 19-page brief, and then obtaining a stipulation of dismissal demonstrated particular efficiency, and that "other lawyers might reasonably have taken twice as much time" to do the same work, justifying a de facto hourly rate of $1,556.98. *Id.* Here, the transcript was 1,020 pages. (Dkt. 4.) "[L]ike the attorneys in *Fields*, Bowes is an experienced

5

lawyer who specializes in Social Security cases." *Munoz v. Comm'r of Soc. Sec.*, No. 20-CV-2496 (KAM), 2023 WL 5310742, at *2 (E.D.N.Y. Aug. 17, 2023). Here, there was no briefing required as the parties filed a joint motion to remand to the SSA, and Plaintiff's counsel obtained a stipulation of remand. (Dkt. 6.) Also, though there was no briefing, Bowes spent fewer hours on this matter than the attorney in *Fields*, despite having a longer transcript to review. *Fields*, 24 F.4th at 854. The Court finds that Bowes worked efficiently and that 12.2 hours was a reasonable amount of time to spend on this case, and therefore no downward adjustment is warranted for this factor.

Second, with respect to "the nature and length of the professional relationship with the claimant—including any representation at the agency level," *id.* at 855, the Court notes that Bowes did not represent Plaintiff in front of the SSA before filing this suit. In *Fields*, plaintiff's counsel had represented the plaintiff from the start of his agency proceedings, including four separate hearings before Administrative Law Judges and multiple petitions to the SSA Appeals Council, further enabling plaintiff's counsel to efficiently brief its arguments before the district court, and distinguishing the case from some other cases that had found a windfall. *See id.* Here, Bowes was retained after the conclusion of the administrative process, and therefore it is reasonable that it might have taken Bowes longer than the attorney in *Fields* to review the underlying record. *See Daniels v. Comm'r of Soc. Sec.*, No. 20-CV-430 (PKC), 2022 WL 2918236, at *3 (E.D.N.Y. July 25, 2022). The Court does not find that this factor warrants a downward adjustment.

Third, the Court finds no reason to believe Plaintiff was dissatisfied with the services Bowes provided. Bowes achieved the desired result with little delay and avoided protracted litigation. Additionally, there is no evidence in the record to suggest that Plaintiff was dissatisfied

6

with any aspect of Bowes's performance. This factor accordingly does not justify a downward adjustment.

With respect to the fourth factor, "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," the Court notes that this case was significantly less uncertain than the case underlying *Fields*, where the SSA denied benefits even after the first remand by the district court. *Fields*, 24 F.4th at 850. Here, by contrast, the SSA stipulated to remand without any briefing, indicating it was likely that further proceedings would result in an award of benefits, and this case "did not require the sustained effort of multiple rounds of representation . . . to achieve a positive result." *Gray v. Comm'r of Soc. Sec.*, No. 20-CV-3916 (PKC), 2023 WL 3948796, at *4 (E.D.N.Y. June 12, 2023). As such, this factor warrants a downward adjustment.

Lastly, the Court addresses Bowes's failure to request EAJA fees in this case. Bowes concedes that in order "[t]o provide [Plaintiff] with the benefit of those fees not requested," the requested fee amount of $20,000 should be reduced by $3,003.72, which is the amount of EAJA fees that Bowes failed to seek. (Bowes Decl., Dkt. 10, ¶¶ 21–22.) "Courts in this Circuit have found that when a plaintiff's counsel fails to file a request for EAJA fees, and then subsequently files a request for Section 406(b) fees, counsel has harmed the client because the client would have been entitled to the lesser of the two fee awards if both were granted." *See Fortier v. Comm'r of Soc. Sec.*, No. 17-CV-1969 (KMK) (AEK), 2024 WL 4264865, at *5 (S.D.N.Y. Aug. 13, 2024), *R&R adopted*, 2025 WL 903681 (S.D.N.Y. Mar. 25, 2025); *see also Gallo v. Astrue*, No. 10-CV-1918 (JG), 2011 WL 5409619, at *2 (E.D.N.Y. Nov. 8, 2011) ("While an attorney is by no means required to apply for EAJA fees in every case, his [or her] failure to do so in certain cases may bear on the reasonableness of any future fee he [or she] requests under the [Social Security Act].").

The fact that Bowes also represented the plaintiff in *Fortier* suggests that he intentionally, instead of inadvertently, failed to seek EAJA fees in both cases, and indicates that, in seeking fees in this case, Bowes was certainly aware that he "should have sought fees and expenses pursuant to EAJA" after the remand and thus "the full Section 406(b) fee award" he requested "would not be reasonable in this case. Rather, the award should be reduced by the amount of EAJA fees that almost certainly would have been awarded to Mr. Bowes had he applied for them." *Fortier*, 2024 WL 4264865, at *6. This presumably explains Bowes's concession that the $3,003.72 that would have been awarded as EAJA fees should be deducted from any attorney's fees he is awarded.

Therefore, based both on the deduction for unrequested EAJA fees and the downward adjustment under the fourth windfall factor, the Court finds the requested amount of $20,000 to be unreasonable and reduces that amount to $14,000. No remittance is necessary because no EAJA fees were awarded in this action.

## CONCLUSION

For the reasons explained above, the pending motion for attorney's fees under 42 U.S.C. § 406(b) is granted in part and denied in part, and Christopher J. Bowes is awarded $14,000 in attorney's fees. The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: May 2, 2025
       Brooklyn, New York